IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| AMERITAS LIFE INSURANCE CORP., AMERITAS VARIABLE LIFE INSURANCE COMPANY, and ACACIA LIFE INSURANCE COMPANY, | ) ) ) ) ) ) | 4:07CV3212<br><br>**MEMORANDUM AND ORDER** |
| Plaintiffs | ) | |
| v. | ) ) | |
| KENNETH KAMEI, | ) ) | |
| Defendant. | ) | |

The plaintiffs have filed a motion to confirm an arbitration award pursuant to Section 9 of the Federal Arbitration Act, 9 U.S.C. § 9, but have not alleged a factual basis for this court to exercise subject matter jurisdiction. Section 9 does not, by itself, constitute an independent grant of subject matter jurisdiction to federal courts. *See Perpetual Securities, Inc. v. Tang*, 290 F.3d 132, 140 (2nd Cir. 2002); *Loral Corp. v. Swiftships*, 77 F.3d 420, 421-22 (11th Cir.1996); *Weststar Assoc. v. Tin Metals Co.*, 752 F.2d 5, 7-8 (1st Cir.1985); *Gen. Atomic Co. v. United Nuclear Corp.*, 655 F.2d 968, 969 (9th Cir.1981). It appears that the arbitration award, which was entered in Nebraska, concerns commissions and bonuses that were paid to an insurance agent pursuant to a contract that is governed by Nebraska law, and that the amount of the award is only $70,492.93, plus $1,072.25 for fees and expenses—in other words, less than the jurisdictional amount under 28 U.S.C. § 1332.

Even in the absence of a challenge from any party, courts have an independent obligation to determine whether subject matter jurisdiction exists. *Sac & Fox Tribe of the Mississippi in Iowa, Election Bd. v. Bureau of Indian Affairs*, 439 F.3d 832, 836 (8th Cir. 2006). I therefore will order the plaintiffs to show cause why this action should not be dismissed pursuant to Federal Rule of Civil Procedure 12(h)(3).

I also note that the plaintiffs were ordered by Magistrate Judge Piester to show cause by February 26, 2008, why this action, which was filed on August 21, 2007, should not be dismissed pursuant to Federal Rule of Civil Procedure 4(m) or for want of prosecution.  The plaintiffs responded by stating that a copy of the motion was served on the defendant in compliance with 9 U.S.C. § 9, and by renewing their motion to confirm, which had not previously been brought to my attention.  The certificate of service on the plaintiffs' motion to confirm states that a copy of the motion was sent to the defendant at an address in California via Federal Express.  This method of service (even assuming that it was completed) does not comply with 9 U.S.C. § 9, which specifies that if the adverse party is not a resident of the district where the arbitration award was made, "then the notice of the application shall be served by the marshal of any district within which the adverse party may be found in like manner as other process of the court."  Consequently, even if the plaintiffs are able to show that the court has subject matter jurisdiction, the action still may be dismissed for lack of personal jurisdiction over the defendant unless the plaintiffs can demonstrate that service was effected pursuant to the Federal Rules of Civil Procedure, assuming that the method of service specified in Section 9 of the FAA is not exclusive.  The plaintiffs should again address the matter of service in their response to my show cause order.

IT IS ORDERED that the plaintiffs are hereby directed to show cause, on or before March 31, 2008, why this action should not be dismissed for lack of subject matter jurisdiction or for failure to effectuate service.

March 17, 2008.              BY THE COURT:

                             s/ *Richard G. Kopf*
                             United States District Judge